Lee, J.
delivered the opinion of the court.
It seemeth to the court here, that in proceeding to the trial of a party charged with a felonious offence, it *772 is competent to the court of its own motion without the suggestion of either party, to examine upon oath all who may have been summoned to serve upon the j ury touching any disability created by statute, such as infancy, want of freehold or property qualifications, or in a capital case, conscientious scruples on the subject of capital punishment; and that upon any such disability being thus made to appear, or if it be shown that any one so summoned has been convicted of peijury, such court lawfully may, and should, set aside any such juror of its own action, without objection made by either party; and that in such case the disqualification or disability created by statute is to be distinguished from matter of challenge by the parties, which imputes no absolute want of capacity or eligibility to serve on any such case, but a want of fitness to serve on the particular case at bar for the cause assigned.
And it further seemeth to the court that in a case of necessity and to prevent a failure of the ends of justice, it is also competent for the court to excuse or set aside a juror who, although free from any statutory disability, and possessing the legal qualifications of a juror, and standing indifferent between the commonwealth and the accused, is yet disabled,.physically or mentally, by disease, domestic affliction, ignorance of the vernacular tongue, loss of hearing or other like cause, from properly performing the duties of a juror; and’this of its own motion without the suggestion or consent of either party; but that the power of so doing is to be exerted with due caution and circumspection, and in the exercise of a sound discretion, for the same purposes and upon the same grounds and principles which govern the court in the exercise of its discretion to discharge a jury sworn in a criminal case before they shall have rendered a verdict; the former power being in effect but a corollary from the *773 latter, which has been confirmed, by a statutory provision.
And it further seemeth to this court, that if in any sueh case, a Circuit court shall have erroneously exercised its discretion by discharging any sueh juror without such good and sufficient cause as aforesaid, it is matter of exception on the part of the accused, for which the judgment of the said Circuit court may be reviewed and reversed in this court.
And it further seemeth to this court, that as by the law of Virginia, no challenge of a juror is allowed to the commonwealth except for cause, so when any such challenge shall be made on the part of the commonwealth, the cause thereof shall be shown, and the same must constitute a good and legal cause for tbe exclusion of such juror; and if the same be found vague, uncertain or irrelevant, it should be overruled by the court.
And it further seemeth to this court, that as by law all challenges are to be tried in the court in which they are made j and as the court is required to sign a bill of exceptions in a criminal cause, when tendered by á party for whom a writ of error lies to an appellate court, the decision of a Circuit court allowing a challenge on the part of the commonwealth, or disallowing a challenge on the part of the aecused, is matter of exception on the part of the accused, whether sueh challenge be a principal challenge or a challenge to the favor; and that it is the right of the accused to have such cause of challenge reviewed in this court, and if the same he found insufficient, that the judgment of the court should he for that cause . reversed.
And it further seemeth to this court that as a court in a criminal cause where a direct challenge is made on the part of the commonwealth to a juror camiot rightfully allow the same and set aside the juror unless *774 good and sufficient cause be shown for such challenge, still less can the court of its own motion, where no challenge is made, without cause or without good and sufficient cause, set aside a juror, except as has been, hereinbefore declared.
And it further seemeth to this court, that although in all cases great weight is justly due to the opinion of a court before whom the jurors are questioned and examined, yet that upon exception taken, this court must judge from the facts therein stated, whether the reason for setting aside a juror is good and sufficient or the contrary. And that upon the facts set out in the bill of exceptions taken to the exclusion of the juror John A. Ezell, it seemeth to this court that said juror even if he had been directly challenged for cause on the part of the commonwealth, should have been adjudged to stand impartial and indifferent between the commonwealth and the plaintiff, and that no just cause of exception whatever is made to appear; and that if no other objection were shown to the said ■Ezell, it was the right of the prisoner that he should be placed upon the panel out of which the jury was to be chosen.
And it further seemeth to this court that it is no answer to this objection that the said juror, John A. Ezell, was not one of the original twenty-four summoned and returned upon the venire facias in the cause, but was one of the thirty-six talesmen summoned by order of the court after the panel of the original twenty-four had been exhausted, because in the opinion of this court, the court possesses no other or greater power to set aside a talesman who has been duly summoned than it does to set aside one returned upon the original panel.
And it further seemeth to this court, that while it may not be impossible nor yet difficult to show how the plaintiff might have been prejudiced by the exclu *775 sion of the juror Ezell, under the facts and circumstances disclosed by the record in this case, yet that it is not necessary that the court should enter upon any such enquiry; because in the opinion of this court where any legal right has been denied to a party on trial for a criminal offence, or any of the safeguards thrown around him by law for his protection, has been disregarded, it is not for this court to say what might or might not have been the effect upon the case of the accused: The law will intend prejudice if it be necessary to enable him to exercise his right to have the judgment of the court reviewed in the appellate tribunal, and will hold it impossible in such a case to say that a fair and impartial trial has been had.
And it seemeth further to this court, that as the questions arising upon the record in this case, other than those upon which the opinion of the court has been hereinbefore expressed, may not again occur upon any future trial of this cause, it is unnecessary for this court at this time to express any opinion upon them.
Wherefore and for the reason hereinbefore expressed, it seemeth to the court here, that the judgment aforesaid is erroneous. Therefore it is considered that the same be reversed and annulled; and it is ordered that the verdict rendered by the jury be set aside, and that the cause be remanded to the said Circuit court with directions to proceed in the manner prescribed by law to cause another jury duly qualified to come and to say whether the said Lewis Montague b.e guilty of the felony wherewith he stands accused or not guilty, and further to proceed as the law requires.
Which is ordered to be certified to. the said Circuit court of Petersburg.
Judgment reversed-